UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RUFUS HOUSTON**                                **CIVIL ACTION**

**VERSUS**                                       **NUMBER 08-561-RET-DLD**

**JOSEPH BROWN, ET AL**

### MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand (rec. doc. 8). The motion is opposed (rec. doc. 9). The issue before the court is whether plaintiff's state court petition presents a federal civil rights claim under 42 U.S.C. §2000(e) thereby making the state court suit removable on the basis of federal question jurisdiction, 28 U.S.C. §1331.

**Factual Background**

On or about July 27, 2007, defendant, Joseph Brown, an agent of defendant - East Baton Rouge Parish Housing Authority, arrived at plaintiff's housing unit to conduct an inspection of the unit (rec. doc. 1). Initially, plaintiff and defendant-Brown engaged in general and polite conversation. After defendant observed the Islamic religious statues and symbols on display in plaintiff's unit, defendant began to use profanity and insult plaintiff. It is alleged that defendant made repeated derogatory comments to plaintiff including, but not limited to, "Muslims don't know their ass from a hole in the ground;" "I hate Muslims;" "This unit is better than sleeping under a bridge;" "Saddam Hussim (sic) was hard headed" (rec. doc. 1-2, pp. 3-4). As a result of defendant-Brown's insulting remarks, plaintiff brought suit against Brown, East Baton Rouge Parish Housing Authority, City of Baton Rouge, and XYZ Insurance Carriers for emotional injuries, including anxiety attacks,

loss of sleep, and emotional distress and fear. Id. Plaintiff alleges that the incident was caused by the negligence of defendants in their failure to train, hire, supervise employees; failure to exercise necessary caution; "failure to obey the law in violation of state and federal law;" failure to act as a prudent employee/employer, and in operating a business without regard for the safety and rights of others (rec. doc. 1-2, p. 6). Plaintiff sought damages for past, present, and future pain and suffering, emotional distress, attorney fees, loss of enjoyment of life, loss of the pursuit of happiness, court costs, mental anguish, negligence, medical expenses, loss of wages, violation of his right to be safe and secure in his person, home, and property, and "violation of [his] rights protected under state and federal law" (rec. doc. 1-2, p. 5).

Defendants, Brown and East Baton Rouge Parish Housing Authority, removed this matter based on federal question jurisdiction, 28 U.S.C. §1331. Defendants contend that plaintiff's petition "asserts claims based on religious discrimination, thereby alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq." (rec. doc. 1). Defendants also filed a motion to dismiss and a motion for a more definite statement (rec. doc. 4). Plaintiff responded by filing a motion to remand and opposing the motion to dismiss and motion for more definite statement (rec. doc. 8). Plaintiff argues that the petition contains only state law negligence-based causes of action based on religious intolerance. Plaintiff denies that the petition states federal claims. The motion for remand is before the court for a report and recommendation.

### Discussion

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of plaintiff's "well-pleaded complaint" as of the time of removal. *See,e.g.,Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Plaintiff is the master of his complaint. *Id.* Accordingly, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts,* 53 F.3d at 693. Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. Id.

Louisiana adopts a fact pleading system, where a plaintiff is allowed to recover under whatever legal theory is appropriate based on the facts pleaded. *Perkins v. Scaffolding Rental & Erection Service, Inc.*, 568 So.2d 549, 553 (La. 1990). Under Louisiana's fact pleading system, it appears that plaintiff's petition primarily alleges negligence-type claims against Brown and East Baton Rouge Parish Housing Authority. Although the petition does contain to two vague references to "federal laws," it does not identify a specific federal law nor state a claim against defendants based on a federal law. Plaintiff's "oblique reference" to unspecified federal laws does not establish a federal claim. Further, defendants have the burden of proving federal question jurisdiction, but they fail

to explain which facts alleged in the petition support their conclusion that plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).  Section 2000(e), prohibits discriminatory practices in the employment context.  The petition does not contain allegations that plaintiff was an employee of defendants; therefore, Section 2000(e) does not apply to the facts as alleged.  Because the petition does not contain a federal claim, removal based on federal question jurisdiction is not proper and this matter should be remanded.

### Conclusion

Based on the foregoing, it is recommended that plaintiff's motion to remand (rec. doc. 8) should be **GRANTED.**  Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 8) should be **GRANTED** and this matter remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on April 27, 2009.

MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| RUFUS HOUSTON | CIVIL ACTION |
| VERSUS | NUMBER 08-561-RET-DLD |
| JOSEPH BROWN, ET AL | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 27, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**